283 F.2d 729
 37 P.U.R.3d 472
 TENNESSEE GAS TRANSMISSION COMPANY, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent.
MANUFACTURERS LIGHT AND HEAT COMPANY, The Ohio Fuel Gas
Company, United Fuel Gas Company, Petitioners,
v.
FEDERAL POWER COMMISSION, Respondent.
 Nos. 18547, 18597.
 United States Court of Appeals Fifth Circuit.
 Oct. 28, 1960.
Petition for Rehearing En Banc Denied in No. 18547.
Nov. 9, 1960.
 
 Wm. R. Brown, Houston, Tex., Dale A. Wright, Harry S. Littman, Harold Talisman, Jack Werner, Washington, D.C., Brooks E. Smith, New York City, for petitioner in No. 18547.
 William C. Spence, Houston, Tex., Brooks E. Smith, New York City, for petitioner in No. 18597.
 Herzel H. E. Plaine, Washington, D.C., David Stahl, City Solicitor, Pittsburgh, Pa., for intervenor City of Pittsburgh.
 Howard E. Wahrenbrock, Sol., John C. Mason, Gen. Counsel, Peter H. Schiff, Atty., Federal Power Commission, Washington, D.C., for respondent.
 Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 All of the Judges are of the opinion that the petitioners have not made a strong showing of any likelihood that this Court will invalidate the Commission's determination that 7% Is higher than a fair rate of return for Tennessee Gas Transmission Company. Judges Rives and Tuttle are of the further opinion that the petitioners have not made a sufficient showing of any likelihood that any party will suffer irreparable loss because Tennessee Gas Company's method of allocating costs among different zones may ultimately be successfully challenged.
 
 
 2
 The Motions for Stay Pending Review of the Rate Orders of the Federal Power Commission, are, therefore, Denied.
 
 
 3
 WISDOM, Circuit Judge (dissenting).
 
 
 4
 In my opinion, it is unreasonable, if not unlawful, for the Commission to specify a rate of return for Tennessee Gas Transmission Company when at the time of issuing the order the Commission knows there is a likelihood that the company cannot possibly realize the rate of return. Here, the determination of the rate of return is so dependent of the determination of the allocation of costs among the six zones Tennessee serves that the two issues can not be separated. I would stay the Commission's order, therefore, until this allocation of costs is determined.
 
 
 5
 The interim order requires Tennessee to make immediate refunds to all its customers, undercharged distributors as well as overcharged distributors. The Columbia companies, which operate in Zones 2, 3, and 4, contend that they bear such a disproportionate share of the costs of Tennessee's services that, in effect, they are subsidizing Tennessee's distributors in Zones 1, 5, and 6. Tennessee must now make refunds on the present allocation of costs. If Columbia's challenge to the allocation is successful, Tennessee will be required to make additional refunds to distributors in Zones 2, 3, and 4. But Tennessee will not be able to recover adequate costs of services from the undercharged distributors in Zones 1, 5, and 6. Tennessee, therefore, if Columbia is successful, will be unable to realize the rate fixed by the Commission as just and reasonable.
 
 
 6
 The allocation issue has been tried and briefed in another proceeding involving Tennessee. It is ripe for decision. I see no reason then for the Commission not to put the horse where he belongs-- in front of the cart.
 
 
 7
 On Petition for Rehearing by Court En Banc.
 
 
 8
 Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.
 
 
 9
 PER CURIAM.
 
 
 10
 All of the judges had intended to indicate in the first sentence of the original per curiam opinion, and do now indicate, that no strong showing has been made that this Court will invalidate either the Commission's determination that 7% Is higher than a fair rate of return for Tennessee Gas Transmission Company, or its determination that 6 1/8% Is such a fair rate of return.
 
 
 11
 The petition for a rehearing of the order denying the motions for stay pending review of the rate orders of the Federal Power Commission is
 
 
 12
 Denied.
 
 
 13
 WISDOM, Circuit Judge, dissents.